# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CARMEN LEIGH HILLERICH,**

    **Plaintiff,**

v.                                                       **Case No. 5:10cv326/RH/CJK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant**.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon plaintiff's counsel's Petition for Authorization of An Attorney Fee Pursuant to the Social Security Act (doc. 26), to which neither the plaintiff nor the defendant objects. Having undertaken an independent determination of the reasonableness of plaintiff's counsel's petition pursuant to 42 U.S.C. § 406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002), the court finds that the requested fee is reasonable and not a windfall and thus should be awarded. The court notes, however, that in order to prevent double recovery of attorney's fees, an attorney who is awarded fees under both § 406(b) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, must refund to her client the lesser award. *Gisbrecht*, 535 U.S. at 796. Previously, plaintiff's counsel was awarded fees under the EAJA in the amount of $4,133.24, which is less than the

amount requested in the instant petition. Plaintiff's counsel shall refund the EAJA award to the plaintiff upon receipt of the fees awarded by this order.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for attorney's fees (doc. 26) be GRANTED in the amount of $26,367.50 and that the Commissioner be ordered to pay that amount to plaintiff's counsel from the plaintiff's past-due benefits.

2. That plaintiff's counsel be directed to refund to the plaintiff $4,133.24, which is equal to the amount of the EAJA fees previously awarded in this case.

At Pensacola, Florida, this 5th day November, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).